UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 21, 2020

Georgia Otero
Jorge Otero
505 LaGuardia Pl., Unit 9B
New York, NY 10012
*Pro Se Plaintiffs*

Peter L. Korn, Esq.
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave., P.O. Box 2075
Morristown, NJ 07962
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Otero et al. v. CVS Pharmacy Inc. et al.*
Civil Action No. 19-15798 (SDW) (LDW)

Litigants:

Before this Court is Defendant Sedgwick Claims Management Services, Inc.'s ("Sedgwick")[1] Motion to Dismiss (D.E. 6) Plaintiff Georgia Otero and Jorge Otero's (collectively, "Plaintiffs") Complaint (D.E. 1-1 at 6–15) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Also before this Court is Plaintiffs' Motion to Remand the case to the Superior Court of New Jersey, Hudson County (D.E. 7). This Court is the proper forum pursuant to 28 U.S.C. § 1441(a) and it has jurisdiction pursuant to 28 U.S.C. § 1332(a). This Court, having reviewed the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **GRANTS** Sedgwick's Motion to Dismiss and **DENIES** Plaintiffs' Motion to Remand.

---

[1] The Complaint incorrectly pleads Sedgwick as Sedgwick Claims Management, Inc.

**DISCUSSION**

    A. Background

Plaintiffs allege that in June 2017, while at a CVS Pharmacy store in Secaucus, New Jersey, Georgia Otero was "violently blindsided by the malfunctioning CVS Store automated bi-folding doors causing immediate shock, disorientation and severe pain." (Compl. ¶¶ 1–2.) The store manager on duty, Nestor Rosario, created an incident report and CVS Pharmacy later directed Plaintiffs to communicate with Sedgwick, CVS Pharmacy's third-party claims administrator. (*See id.* ¶¶ 4, 13.) Plaintiffs allege that Sedgwick failed to meaningfully respond to Plaintiffs' claims, leading to the instant lawsuit. (*Id.* ¶¶ 14–20.)

Plaintiffs filed this suit on June 6, 2019, against CVS Pharmacy, Inc., New Jersey CVS Pharmacy, LLC t/a CVS Pharmacy (collectively, the "CVS Defendants"), and Sedgwick in the Superior Court of New Jersey. The Complaint appears to assert four claims against Sedgwick: (1) "negligent infliction of emotional distress," (2) "deceptive business practices," (3) "breach of the covenant of good fai[th] and fair dealing," and (4) "punitive damages." (*Id.* ¶¶ 15, 18–20.)[2] The CVS Defendants removed the case to federal court on July 25, 2019, and Plaintiffs filed a motion in opposition (*i.e.*, a motion to remand) on August 23, 2019. (D.E. 1, 7.) Sedgwick and the CVS Defendants filed their opposition on September 18, 2019, (D.E. 14), and Plaintiffs did not file a reply. Sedgwick filed its motion to dismiss on August 6, 2019, Plaintiffs filed their opposition on November 4, 2019, and Sedgwick filed its reply on November 11, 2019. (D.E. 6, 19, 20.)[3]

    B. Standard of Review

In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if each plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). A claim brought in state court may be removed to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). However, a party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted).

---

[2] Although the Complaint lists four counts, it is not clear as to which cause of action is contained within each Count. Because this Court "liberally construe[s]" *pro se* plaintiffs' pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will address the four claims as argued by the parties in their briefs.

[3] Plaintiffs filed an unauthorized sur-reply (D.E. 21) which this Court will disregard. *See* L. Civ. R. 7.1(d)(6).

On a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

C. Analysis

1. Motion to Remand

Plaintiffs argue that removal was defective because (1) notice was not timely, (D.E. 7 at 3–4); (2) Sedgwick did not consent to removal, (*id.* at 4–5); and (3) Plaintiffs did not specifically request more than $75,000 in damages, (*id.* at 5–6). The Court addresses these arguments in turn.

First, pursuant to 28 U.S.C. § 1446(b), the CVS Defendants were required to file their notice of removal within 30 days of receiving the initial pleadings. The parties do not dispute that Plaintiffs served their summons and complaint on the CVS Defendants on June 25, 2019, and that the CVS Defendants filed their notice of removal on July 25, 2019. (*See* D.E. 7 at 2–3, D.E. 14 at 4–5.) Pursuant to Rule 6(a)(1)(A), "the day of the event that triggers the period"—here the date of service—is "exclude[d]" when computing time. Thus, the CVS Defendants filed their notice of removal within 30 days, the prescribed time period.

Second, "[a]s courts in this District have repeatedly explained, unless an exception applies, the rule of unanimity requires that all defendants join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper." *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012) (emphasis in original) (internal quotation marks omitted) (citing cases). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Bayview Loan Servicing LLC v. Farzan*, Civ. No. 17-1796, 2017 WL 5047900, at *6 (D.N.J. Nov. 3, 2017) (citation omitted), *aff'd in part and appeal dismissed in part*, 720 F. App'x 678 (3d Cir. 2018). Here, Sedgwick did not provide any written evidence of consent within the thirty-day period.[4]

However, "[t]he unanimity rule may be disregarded where[] a non-joining defendant is [a] nominal party." *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). "Nominal parties are generally those without a real interest in the litigation." *Cacoilo*, 902 F. Supp. 2d at 522 (quoting *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991)). "A party is without a real interest in the litigation only where there is no reasonable basis for predicting that the defendant . . . will be held liable." *Id.* (citation and some punctuation omitted). For the reasons

---

[4] That the CVS Defendants and Sedgwick now share counsel is of no moment because, by the CVS Defendants' and Sedgwick's own admission, the arrangement only went into effect after the notice of removal was filed and after the thirty-day period expired. (*See* D.E. 14 at 5.)

3

discussed below with respect to Sedgwick's motion to dismiss, Plaintiffs fail to state a claim against Sedgwick and there is no reasonable basis on which to hold Sedgwick liable. Plaintiffs' claims stem from an injury allegedly caused by the CVS Defendants, the only defendants with a real interest in this litigation; the claims against Sedgwick are essentially that it failed to timely respond to Ms. Otero's communications on behalf of the CVS Defendants. The Court thus finds that Sedgwick is a nominal party that can be excused from the unanimity requirement.

Finally, remand is proper where it "appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197 (emphasis in original). Here, although Plaintiffs have not explicitly limited their claimed damages below the jurisdictional minimum of $75,000.01, they allege that Ms. Otero "suffered severe and permanent injuries to multiple parts of the body," requiring "medical and hospital treatment" and causing her to "lose valuable time from usual customary activities, pursuits and occupations." (Compl. ¶ 6.) Although Plaintiffs have not pleaded the specifics of Ms. Otero's injuries, even these general allegations prevent the Court from concluding to a legal certainty that her injuries do not exceed $75,000. *See Dugan v. Acme Markets, Inc.*, Civ. No. 15-5267, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) ("[P]ersonal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." (citations omitted)). Plaintiffs' Motion to Remand is therefore denied.

2. Motion to Dismiss

Plaintiffs' claims against Sedgwick are based on their allegation that Sedgwick "ignored [Ms. Otero's] countless documents supporting [her] injuries, hospitalization, treatments and medical procedures," causing her to "suffer[] great pain, shock and mental anguish which [] further exacerbated her severe depression and Posttraumatic Stress Disorder." (Compl. ¶¶ 14, 16.) For the reasons discussed below, this allegation is not a sufficient basis for any of Plaintiffs' claims.

*i. Negligent Infliction of Emotional Distress*

Plaintiffs allege that Sedgwick's "failure to respond to [Ms. Otero's] substantially supported written communications demonstrates illicit conduct and constitutes negligent infliction of emotional distress." (*Id.* ¶ 15.) In New Jersey, a plaintiff may maintain an action for negligent infliction of emotional distress by "demonstrat[ing] that the defendant's negligent conduct placed the plaintiff in reasonable fear of immediate personal injury, which gave rise to emotional distress that resulted in a substantial bodily injury or sickness." *Jablonowska v. Suther*, 948 A.2d 610, 618 (N.J. 2008) (citation omitted).[5] Here, Plaintiffs fail to plead any facts alleging that Ms. Otero was

---

[5] Alternatively, a plaintiff can state a claim for negligent infliction of emotional distress by alleging that "(1) the defendant's negligence caused the death of, or serious physical injury, to another; (2) the plaintiff shared a marital or intimate, familial relationship with the injured person; (3) the plaintiff had a sensory and contemporaneous observation of the death or injury at the scene of the accident; and (4) the plaintiff suffered severe emotional distress." *Jablonowska*, 948 A.2d at 617–18; *see also Portee v. Jafee*, 417 A.2d 521, 528 (N.J. 1980). Plaintiffs fail to state a claim under the *Portee* elements as well because they do not factually allege that Sedgwick's failure to respond to Ms. Otero's communications caused Ms. Otero "serious physical injury."

4

placed "in reasonable fear of immediate personal injury" as a result of Sedgwick's failure to respond to her communications. *See id.* Accordingly, Plaintiffs' claim for negligent infliction of emotional distress must be dismissed.[6]

### ii. Deceptive Business Practices

Plaintiffs allege that Sedgwick's failure to respond to Ms. Otero's communications "demonstrates deceptive business practices." (Compl. ¶ 18.) Such an allegation is controlled by the New Jersey Consumer Fraud Act ("NJCFA"), which prohibits the use of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . in connection with the sale or advertisement of any merchandise." N.J.S.A. § 56:8-2. To state a claim under the NJCFA, a plaintiff must allege, *inter alia*, that she is a "consumer" and that she purchased "merchandise" from the defendant. *See Geter v. ADP Screening & Selection Servs., Inc.*, Civ. No. 14-3225, 2015 WL 1867041, at *7 (D.N.J. Apr. 23, 2015) (citation omitted) (dismissing NJCFA claim because plaintiff did not purchase merchandise from defendant).[7] Here, there is no allegation that Plaintiffs purchased merchandise from Sedgwick, and Plaintiffs' NJCFA claim is therefore dismissed.[8]

### iii. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs allege that Sedgwick's failure to respond to Ms. Otero's communications "demonstrates . . . bad faith breach of the covenant of good fai[th] and fair dealing." (Compl. ¶ 18.) To allege such a breach, "a plaintiff must demonstrate that: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm." *Espaillat v. Deutsche Bank Nat. Tr. Co.*, Civ. No. 15-00314, 2015 WL 2412153, at *3 (D.N.J. May 21, 2015) (alteration in original) (citation and internal quotation marks omitted).

Here, Plaintiffs do not sufficiently allege that a contract exists between them and Sedgwick. Plaintiffs allege that the incident report created by CVS Pharmacy store manager Nestor Rosario "became a contract [that] bound Sedgwick to claims" contained in the Complaint, (D.E. 19 at 6), but this legal conclusion is both factually and legally unsupported. None of the facts pleaded in

---

[6] Even if this Court construes Plaintiffs' claim as one for general negligence, the claim must fail because Plaintiffs do not sufficiently allege that Sedgwick owed them a legal duty of care or that Sedgwick's failure to timely respond to their communications proximately caused their injuries. *See Polzo v. Cty. of Essex*, 960 A.2d 375, 384 (N.J. 2008) (citation omitted).

[7] To state an NJCFA claim, Plaintiffs must also allege (and fail to do so here) "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Geter*, 2015 WL 1867041, at *6 (citation omitted).

[8] Plaintiffs' argument that their CVS Pharmacy store receipt "became a sales agreement that was transitioned by assignment to Sedgwick," (D.E. 19 at 6), is factually and legally unsupported and further underscores that Sedgwick is a nominal party and Plaintiffs' claims are against the CVS Defendants.

5

the Complaint permit the Court to infer that the incident report constituted offer, acceptance, consideration, reasonably certain terms, and a meeting of the minds upon the essential terms of the agreement (including the assumption of liability for the asserted claims).[9] *See Big M, Inc. v. Dryden Advisory Group*, Civ. No. 08-3567, 2009 WL 1905106, at *18 (D.N.J. June 30, 2009) (citing N.J. Jury Instr. Civ. 4.10 C). Because Plaintiffs do not have a contract with Sedgwick, their claim for breach of the covenant of good faith and fair dealing must be dismissed.

### iv. Punitive Damages

Finally, Plaintiffs allege that punitive damages are justified because Sedgwick's failure to respond to Ms. Otero's communications was "either malicious or [] in reckless disregard for [Ms. Otero's] right" to have Sedgwick "deal fairly." (Compl. ¶ 20.) In order to recover punitive damages under New Jersey law, Plaintiffs must show that Sedgwick acted with "actual malice or . . . a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence." N.J.S.A. 2A:15-5.12(a) (Punitive Damages Act). The Complaint does not contain any factual allegations supporting an inference that Sedgwick engaged in malicious or wanton behavior. Plaintiffs' claim for punitive damages will therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, Sedgwick's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED** and Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' claims against Sedgwick are dismissed with prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[9] For the same reasons, the CVS Pharmacy sales receipt also does not constitute a contract between Plaintiffs and Sedgwick. (*See* D.E. 19 at 6.)